**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **IRA KENNETH BEARDEN** | § | |
| **Travis Co. #1317648** | § | |
| | § | |
| **V.** | § | **A-13-CA-602-SS** |
| | § | |
| **SGT. HODGE, SGT. HICKS, NURSE** | § | |
| **PATRICIA MEDINA,[1] NP SMITH, and** | § | |
| **MIKE SUMMERS** | § | |


**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint and more definite statement.  Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex.  Although Plaintiff's complaint is not clear, he appears to allege he was arrested in October 2012 for public intoxication.  Plaintiff was placed in a cell with

---

[1] Plaintiff also identifies this nurse as Madina.

1

other drunk arrestees.  Plaintiff admits he had "some sexual encounters" with two of the arrestees, which was captured on videotape.  Plaintiff was released from jail but was arrested two days later.  Upon his return to the jail, he was placed in administrative separation apparently due to his previous sexual encounters.  According to Plaintiff, he asked to be placed in general population.  Plaintiff alleges he was told that if he kept asking to be placed in general population, formal charges would be filed against him due to the previously mentioned sexual encounters.  Plaintiff alleges he started to have seizures because of the stress, and the medical department abused and victimized him.  He sues Sergeant Hodge, Sergeant Hicks, Nurse Patricia Medina, Nurse Practitioner Smith, and Medical Director Mike Summers.  He requests the officers and medical staff be reprimanded, he receive monetary damages, and undisclosed polices be changed.

After reviewing Plaintiff's complaint, Plaintiff was ordered to file a more definite statement specifying what acts each of the defendants took to violate his constitutional rights.  Plaintiff alleges Sgt. Hodge called him out of his disciplinary cell in October 2012.  When Plaintiff asked if he was being removed from administrative segregation, Hodge allegedly responded, "you gave people who were asleep head—oral sex.  If you continue to ask to be taken off ad-seg status I will personally file charges against you."  When Plaintiff asked Hodge if he had seen the video, Hodge allegedly responded Plaintiff was a "sick individual and [he] was never getting out of ad-seg."

With regard to Sgt. Hicks, Plaintiff complains she told him every time Plaintiff came to the Travis County Jail he would be locked away.  According to Plaintiff, she said Plaintiff was a sick sexual predator who would possibly rape another inmate.  Plaintiff believes he deserves a disciplinary hearing first and that Sgt. Hicks discriminates against gay or bisexual people.

2

Plaintiff's complaints against Nurse Medina, Nurse Practitioner Smith and Mike Summers appear to be related to Plaintiff's most recent incarceration.  According to Plaintiff, he was arrested and returned to jail on April 25, 2013.  On June 9, 2013, Plaintiff claims to have suffered a seizure.  Officers apparently announced a medical emergency to which Nurse Medina responded.  Plaintiff asserts he could hear the officer and Nurse Medina, but he could not speak.  Because he could not speak, Nurse Medina allegedly "put amonia [sic] in [his] nose and down [his] throat, choking [him].  Plaintiff alleges he asked to see a doctor, and Medina stated, "I don't think you had a seizure."  Plaintiff claims Medina denied his request to see a doctor.  However, Plaintiff admits he was seen by a physician's assistant the following day.  According to Plaintiff, the alleged seizure caused him to hurt his back and he was unable to use his left leg.  Plaintiff states he was placed in "H.S.E," had to drag his leg for two days, and eat food with his hands.

Plaintiff alleges Nurse Practitioner Smith broke HIPAA laws by talking about his health problems in front of 15 other people.  He further complains Mike Summers allowed staff to move Plaintiff to a different cell for medical observation.  Plaintiff describes the cell as a "suicide cell."  Plaintiff asserts he was observed every 15 minutes for a 26-hour period.  Plaintiff believes he was being punished for having a seizure.

<u>DISCUSSION AND ANALYSIS</u>

A.    <u>Standard Under 28 U.S.C. § 1915(e)</u>

Plaintiff fails to allege a valid constitutional violation, and his complaint should be dismissed for failure to state a claim upon which relief can be granted.  An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against

a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible.  <u>Haines v. Kerner</u>, 404 U.S. 519, 92 S. Ct. 594 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets."  <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B.    <u>Administrative Segregation</u>

As a pretrial detainee, Plaintiff receives protection from the Fourteenth Amendment.

In <u>Bell v. Wolfish</u>, 441 U.S. 520, 99 S. Ct. 1861 (1979), the United States Supreme Court set forth the standards for evaluating the constitutional rights of pretrial detainees.  Since they are presumed innocent, they cannot be "punished" while in custody.  Consequently, the Eighth Amendment standards allowing "punishment" (as long as it is not cruel and unusual) do not apply.  Pretrial detainees are, however, subject to restrictions on their liberty insofar as those are necessary for maintenance and security of the jail.  This curtailment on liberty must nonetheless comply with due process of law.  The test is whether the particular restriction is reasonably related to a legitimate prison objective, other than punishment.  If it is, then no right is violated.

<u>Grabowski v. Jackson County Public Defenders Office</u>, 47 F.3d 1386 (5th Cir. 1995).

Plaintiff admits he was caught on videotape having sexual encounters with two other, possibly sleeping, inmates while confined at the jail.  Plaintiff was released from the jail without formal charges being filed.  When he returned a couple of days later, presumably as the result of a subsequent arrest, he was placed in a separate cell.  According to Plaintiff, both Sgt. Hodge and Sgt. Hicks made it clear the segregation was to protect other inmates from sexual assault.  Plaintiff's

4

placement in a separate cell is related to the legitimate prison objective of keeping other inmates safe from Plaintiff and is not a constitutional violation.

     C.   <u>Name Calling</u>

Although Plaintiff's complaint is not clear, he may also be trying to assert a claim because he was called "derogatory names."  If Plaintiff is attempting to assert such claim, his claim fails. Verbal abuse, threatening language, and gestures do not constitute a constitutional violation.  <u>Bender v. Brumley</u>, 1 F.3d 271, 274 n. 4 (5th Cir. 1993).

     D.   <u>HIPAA</u>

Plaintiff claims that he has a federal claim under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104–191, §§ 261–254, 110 Stat.1936 (1996), the statute which generally provides for confidentiality of medical records.  However, HIPAA does not provide Plaintiff with a private cause of action.  <u>Acara v. Banks</u>, 470 F.3d 569, 572 (5th Cir. 2006).

     E.   <u>Claims Against Defendant Summers</u>

Plaintiff's claim against Medical Director Mike Summers is not clear.  Plaintiff may be complaining Summers did not resolve to Plaintiff's satisfaction his grievance regarding his temporary move to medical observation.  Plaintiff claims in his more definite statement that "Mr Summers let this happen with no response."  To the extent Plaintiff is complaining about the resolution of some sort of grievance, his claim fails.  A prisoner does not have a constitutionally protected liberty interest in having "grievances resolved to his satisfaction."  <u>Geiger v. Jowers</u>, 404 F.3d 371, 374 (5th Cir. 2005).

If Plaintiff is making a different claim, Plaintiff has failed to allege personal involvement on the part of Defendant Summers.  Supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship.  Monell v. Department of Social Services, 436 U.S. 658, 693 (1978);  Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).  If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations.  Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).  In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."  Id. at 304.  Plaintiff has failed to provide a basis for holding Defendant Summers liable in this case.

      F.    Medical Care

Plaintiff's remaining claim is against Nurse Medina.  Construed liberally, Plaintiff appears to be alleging she was deliberately indifferent to his medical needs when she aroused his consciousness with smelling salts and denied his request to see a doctor immediately after his alleged seizure.

Deliberate indifference to serious medical needs may be manifested by prison doctors in their response to the prisoner's needs.  Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).  Claims of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim of inadequate medical care.  Wilson v. Seiter, 501 U.S. 294, 297 (1991).  Similarly, unsuccessful medical treatment or disagreement between an inmate and his doctor concerning the manner of treatment does not give rise to a cause of action.  Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir.

6

1995); <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).  A claim that additional diagnostic techniques or forms of treatment should have been utilized is also inadequate for purposes of § 1983. <u>Estelle</u>, 429 U.S. at 107.  In short, a claim of medical malpractice does not amount to a constitutional violation merely because the plaintiff is a prisoner.  <u>Id</u>. at 106.  Deliberate indifference may also be shown by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.  <u>Id</u>. at 104-05.  In order to maintain a claim for delayed medical treatment there must have been deliberate indifference which results in harm. <u>Mendoza v. Lynaugh</u>, 989 F.2d 191, 193 (5th Cir. 1993).

Plaintiff has not sufficiently alleged Nurse Medina intentionally delayed or refused to provide him with medical treatment for his alleged seizure. Plaintiff admits he was seen by a physician's assistant the following day.  At most, he has established a disagreement with his treatment, unsuccessful treatment, or negligence, which does not amount to a constitutional violation. Therefore, he has not shown that Nurse Medina  was deliberately indifferent to his serious medical needs.

<u>RECOMMENDATION</u>

It is therefore recommended that Plaintiff's complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of August, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE